IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAWN MICHAEL BALL,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA and CHIEF OF SECURITY, CROSSROADS CORRECTIONAL CENTER,<br><br>Defendants. | CV 24-60-GF-DWM<br><br><br>ORDER |

Plaintiff Shawn Michael Ball, a pretrial detainee proceeding without counsel, filed a proposed Complaint. (Doc. 1.) The Complaint is barred by the statute of limitations. Ball was given an opportunity to show cause why the Complaint should not be dismissed. His response is insufficient. (Doc. 9.) The case is dismissed.

The Court's prior Order detailed Ball's claims and concluded that his action is barred by the statute of limitations applicable to a *Bivens* claim in Montana. (Doc. 8 at 3 – 5.) Ball was directed to explain, if he was able, why he might be entitled to equitable tolling. Ball states that he attempted to hold the defendants accountable in Great Falls, Montana, and that he was unaware of the legal forms available to him until recently. (Doc. 9 at 1.)

1

Equitable tolling will extend the time limit to bring a claim for certain reasons. A federal court looks to the forum state's tolling rules. *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999). The Montana Supreme Court, in interpreting its statutes of limitations, has applied equitable tolling in a range of circumstances. *Crane v. United States*, 634 F. Supp. 3d 946, 952 (D. Mont. 2022) (reviewing cases). For equitable tolling to apply in Montana, a plaintiff "must first show a reasonable good faith pursuit of one of several possible remedies." *Crane v. United States*, 634 F. Supp. 3d 946, 952 (D. Mont. 2022) (citing *Lozeau v. Geico Indem. Co.*, 350 Mont. 320, 207 P.3d 316, 319 (2009).) Ball's response suggests that he attempted to pursue a remedy, but he does not specify when or how, other than to say in "civil court in Great Falls." (Doc. 9 at 1.) (Presumably he means state court, since the federal court has no record of Ball filing any civil suit prior to 2024.) If Ball had narrowly missed the statute of limitations, and he could show that he had made repeated attempts in another court to file, equitable estoppel might be available. But that is not the case. The events at issue occurred almost six years ago. Ball's claim that he filed civil actions and defendants simply "ignored" him is not credible. (Doc. 9 at 1.) Nor is lack of knowledge about forms for federal court sufficient. Ball has not credibly asserted that, despite his diligence, he was unable to file his action within the statute of limitations. There is no apparent reason to toll its application.

Accordingly, IT IS ORDERED that:

1.     Ball's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2.     The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3.     The Clerk of Court is directed to have the docket reflect that the dismissal of this Complaint counts as a strike against Ball within the meaning of 28 U.S.C. § 1915.

DATED this 23rd day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

3